*Decision will be entered for the petitioner.*

HAROLD A. McMASTER AND HELEN E. McMASTER, NORMAN C. NITSCHKE AND LOIS M. NITSCHKE, AND FRANK A. LARIMER AND HAZEL I. LARIMER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5828–76.    Filed March 20, 1978.

---

*Ronald M. Cooperman,* for the petitioners.
*R. Gary Lowen,* for the respondent.

## OPINION

DRENNEN, *Judge:* Respondent determined deficiencies in petitioners' income taxes for the years ended December 31, 1973, as follows:

| Petitioner | Deficiency |
| --- | --- |
| Harold A. McMaster and Helen E. McMaster | $4,745 |
| Norman C. Nitschke and Lois M. Nitschke | 3,600 |
| Frank A. Larimer and Hazel I. Larimer | 1,770 |

The sole issue remaining to be decided is whether legal fees incurred during preliminary contract negotiations by Glasstech, Inc. (hereinafter Glasstech), the petitioners' subchapter S corporation, must be deferred until the contracts are completed under the completed contract method of tax accounting.

This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and joint exhibits are incorporated herein by this reference.

Glasstech was a subchapter S corporation for its fiscal year ended June 30, 1973. Its shareholders and their respective proportionate shares were as follows: Harold A. McMaster (45 percent), Norman C. Nitschke (35 percent), and Frank A. Larimer (20 percent). These individuals are joined by their wives as petitioners because each couple filed a joint return for the calendar year 1973. All the petitioners resided in Ohio when the petition was filed.

Glasstech is engaged in the design, manufacture, and sale of glass-tempering furnaces pursuant to individual contracts entered into with each purchaser covering the purchase of the equipment and a license agreement to use such equipment. It reports its income and expenses under the completed contract method of tax accounting.

The only item still in dispute is the deduction of $13,875 claimed by Glasstech for fiscal year 1973 for legal services. The contested deduction is for legal services performed by Glasstech's attorneys during the preliminary negotiations and in connection with the preparation of contracts for purchase of equipment and licenses to use the equipment entered into by Glasstech with furnace purchasers. These contracts were executed after the professional services were incurred. Performance of these contracts was not completed as of June 30, 1973.

The legal fees in dispute were itemized on statements for fees and expenses sent to Glasstech by its attorneys at the end of each month. The particular fees here involved were specifically referred to in such statements as A–321, Roller Hearth License to Ford or Ford Agreement; A–322, Proposed Agreement with Feather-Lite On Roller Hearth; A–324, Indal of Canada Agreement; A–325, New England Sales Agreement with Solomon Glass Co. The statements recited the services rendered with respect to each project separately.

The disagreement between the parties is more precisely with respect to the timing of the deduction. Section 451(a), I.R.C. 1954, provides that the amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer unless under the method of accounting used in computing taxable income, such amount is to be properly accounted for as of a different period. Section 1.451–3(a), Income Tax Regs., permits the reporting of income from long-term contracts either on the percentage of completion method or the completed contract method. Section 1.451–3(d) requires that under the completed contract method gross income derived from long-term contracts must be reported by including the gross contract price of each contract in gross income for the taxable year in which such contract is completed. That section also requires that all costs which are properly allocable to a long-term contract must be deducted from gross income for the taxable year in which the contract is completed. Cost allocated to such a contract are (i) direct materials and direct labor and (ii) indirect costs incident to and necessary for the performance of particular long-term contracts. Sec. 1.451–3(d)(5)(i) and (ii), Income Tax Regs. These costs may not be deducted until the taxable year in which a contract is completed.

Subsection (ii) of the above regulation lists certain indirect

costs which must be allocated to long-term contracts, none of which refer specifically to legal fees, but subparagraph (*l*) mentions administrative costs incurred in the performance of particular long-term contracts, and subparagraph (*m*) mentions compensation paid to officers attributable to services performed on particular long-term contracts. On the other hand subsection (iii) of the regulation lists certain costs which are not required to be included in costs attributable to a long-term contract. These include, among others, (*a*) marketing and selling expenses, (*b*) advertising expenses, (*e*) general and administrative expenses attributable to the performance of services which benefit the long-term contractors' activities as a whole (such as payroll expenses, legal and accounting expenses, etc.), and (*m*) compensation paid to officers attributable to the performance of services which benefit the long-term contractors' activities as a whole.

The above provisions of the regulation are not too helpful in dealing with the specific costs here involved. Neither have we been cited any case law that is explicitly helpful to us. While subsection (iii)(*e*) of the regulation does parenthetically mention legal expenses, we think this reference is to general legal expenses incurred with respect to the contractors' activities as a whole. The broad rule that can be gleaned from the regulations is that if the particular expense is incident and necessary for the performance of a particular long-term contract it must be deferred, but if it relates to or benefits the contractors' activities as a whole it may be deducted currently even though it incidentally affects the performance of a particular long-term contract.

Petitioners argue that the legal costs in question are not properly allocable to the long-term contracts because no contracts were in existence at the time the expenses were incurred. Respondent, by analogy to authorities requiring deferral of a deduction for legal costs incurred in acquiring an intangible asset through an increase in the asset's basis (see *Woodward v. Commissioner*, 397 U.S. 572 (1970)), claims that the legal costs here are attributable to the specific contracts referred to in the attorneys' statements, which it is stipulated were entered into, and must be deferred until completion of those contracts.

It seems clear that the legal services involved were performed

to benefit individual long-term contracts. Apparently most of Glasstech's contracts were negotiated individually and were custom-made. Hence, the legal services rendered in negotiating and drafting specific long-term contracts would be of little benefit to Glasstech's overall business activities except perhaps incidentally. Accordingly, we think the legal fees paid for those services must be deducted from gross income for the taxable year in which the pertinent contract is completed. We do not read the regulations to mean that period costs are to be distinguished from allocable contract costs on the ground that any costs which antedate execution of the formal contract are period costs. Rather, the telling distinction drawn in the regulations appears to be the degree to which the costs relate to and benefit individual contracts. At one end of the spectrum are allocable contract costs such as direct materials and direct labor, which benefit individual long-term contracts. At the other end are period costs such as general and administrative expenses, and selling and advertising expenses, which benefit the business as a whole.

Petitioners' reliance on section 1.451–3(d)(5)(iii)(*e*), Income Tax Regs., is misplaced because the legal expenses referred to as period expenses in that subparagraph are those attributable to the performance of services which benefit the long-term contractors' activities as a whole. Here the legal costs were to benefit individual long-term contracts, were properly attributable to long-term contracts, and their deduction must be deferred until the respective contracts are completed. One advantage of reporting on the completed contract method of accounting is said to be the more accurate matching of income and expenses. We believe the cost of legal services rendered in negotiating and drafting a long-term contract are a part of the cost of producing the income from that contract just as are the legal costs involved in negotiating and drafting a contract for acquisition of income-producing property, see *Collins v. Commissioner*, 54 T.C. 1656, 1665 (1970), and in negotiating for the purchase of stock, see *Woodward v. Commissioner, supra* at 577.

Petitioners, citing sec. 446(b), I.R.C. 1954, argue further that respondent's attempt to defer a deduction for those legal expenses constitutes a change in method of accounting that is permissible only if the method used does not clearly reflect income. While we think petitioners' argument misapplies section

446(b), the issue was not raised in the pleadings, and we will not consider it. See *Frentz v. Commissioner*, 44 T.C. 485, 490–491 (1965), affd. without discussion of this point 375 F.2d 662 (6th Cir. 1967).

*Decision will be entered for the respondent.*